Good morning. I'm John Hargraves. I represent the appellant, Johnny Peraza. And at the outset, I was going to reserve some time for rebuttal, but I haven't seen the respondent today. If he will be arguing, then I would like to reserve three minutes for rebuttal. The court did direct us to address the Pinholster v. Coleman case. I just want to take a brief moment, just 30 seconds, to outline the theme of our case, start off in that context. My client, Johnny Peraza, was convicted of these crimes over 10 years ago. And ever since then, ever since the verdicts were handed down, he has sought to get a full and fair hearing on his claims. First, in a motion for new trial that he handled by himself, trying to demonstrate various errors of his defense counsel. And then also prosecutorial misconduct. And not long after that, through a declaration through the codependent, Valdez, when he filed a petition in the California Supreme Court. And he has yet to get a full and fair hearing on his claims. Well, the court directed our attention to the Coleman v. Pinholster case, which fortunately makes it easier to know what the court is directing, what inquiry the court hears. And I think everyone would agree that review under 22.4.d.1, that this is the holding of the case, is limited to the record that was before the State court that adjudicated the claim on the merits. And does not include consideration of new evidence produced later in Federal court. The opinion says that. And under the most broad interpretation that would seem to bear on my client's request for an evidentiary hearing in Federal court. But there are important distinctions between the Pinholster case, which require that that case be reviewed in the appropriate context. For one, Pinholster argued that the State court's findings of ineffective assistance of counsel were substantively unreasonable. That is the thrust of Pinholster's claims. That is that the findings were not supported by the evidence. And he introduced evidence in Federal court in hopes of proving up that claim. My client's claim is different, in that his claim is that the State court's process was procedurally unreasonable, such that he did not get a full and fair hearing on his claims. His reason for an evidentiary hearing is that the State court's process was defective. And insofar as I could see from the Pinholster opinion, Pinholster did not make that claim. And that's a fundamental difference. And there is some language in the Pinholster opinion. One cites the Williams case, which it says Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort, that were insufficient effort. My client claims and has shown that he proceeded diligently in State court and presented his claims to the best of his ability, but nonetheless was deprived of a full and fair hearing in State court. Now, how are we to — how do we possibly examine the question as to whether you got a full or fair hearing? You clearly had a hearing on a motion for a new trial. And your client was very aggressive and got an opportunity to cross-examine his own counsel and others in that proceeding. Now, your claim is, well, we didn't get a full and fair hearing. How do we possibly review that, since the California courts believe that you did get a full and fair hearing? Don't we have to review that under the same AEDPA standards? That is, we have to see whether there's a violation of law, of constitutional law, or decide that the California courts are — have made a finding about the reasonableness of the hearing that is so unreasonable that we would — that we would have to disagree with them. I believe it would be the latter, that the court does look at the evidence, but it cannot be constrained by the restrictive lenses. If that's the case, then what evidence do you have that the California — that a California court finding that he has had a full and fair hearing is demonstrably unreasonable when he's had a full hearing in which he was able to be counsel and extensively cross-examine his — his counsel and others on the IAC claims? Well, he did get a motion for a new trial, but the — it's important to look at the entire record for the procedure that was conducted. For one, he proceeded — he proceeded on his own and without an attorney, an independent counsel, when he was alleging ineffective assistance of counsel claims against his trial counsel. He was exercising his Faretta rights. Yes. Yes. And the court essentially gave him the dilemma of proving a Morrison motion, which is showing that his counsel is ineffective to get replacement counsel or proceeding on his own. But he should have been appointed an independent counsel to cross-examine his own counsel. He's had no formal legal training whatsoever. And the Supreme Court case for that proposition is what? And there are — there are cases that when there's a contested hearing, he — anyone should be represented by counsel. Does he have a right — does he have a right to court-appointed counsel on a motion for a new trial after he's had a trial? He does have a right in the State of California. Now, he must request that right. Does he have a constitutional right? We can only review for constitutional error. Well, he has a Sixth Amendment right to counsel. On a motion for a new trial. On litigated facts. On a motion for a new trial. Doesn't have a right to counsel on appeal. Does he have a right to counsel on a motion for a new trial? Well, I'm unable to cite authority in support of that position. The Court would be interested in further briefing. I can provide that. I think the Sixth Amendment right should apply in that situation. But I want to move on to other errors, because there is a colloquy between my client and the Court during the new trial motion. He did get to call witnesses. He called a correctional officer from one of the institutions in which he was housed and another one in which a letter was supposedly sent. And he did complain that these weren't the witnesses that he wanted. He did have his chance to be heard. And apparently, according to what's on the record, the correctional officer from DVI didn't work in the administrative segregation unit at the time my client was there. And he also said, why can't I get my client also said, why can I not get the shower records where he's taken out of the cell? So he was requesting time, further time to get witnesses and evidence. And the Court at that point had already made up its mind about the key witness in the case, which is Juan Juarez. And the Court said, I don't see how Mr. Juarez did not help you even, in that the Court had already decided that Juarez's credibility was so far gone that he even helped the defense. But the Court did deny more time to obtain witnesses. And that is a procedural flaw, which had my client been able to subpoena the records and had been given more time to subpoena the records and get the witnesses, then he – that was required for a full and fair hearing on his claims, because he only had that one shot on those two witnesses. And that's how we evaluate whether it was a full and fair hearing. And I take it there are no other hearings requested by your client in the State Court, true? There are no hearings requested. Currently, there are no hearings requested in the State Court. No, no, I'm talking about what happened in the State Court. There was a motion for a new trial and a hearing on that. Was there any request for an additional evidentiary hearing in State Court? Not that I'm aware of. There was no – I mean, he did say he would like more time and that he wanted more witnesses, but I'm not aware of a formal request for another hearing at that point. So your argument on the hearing is confined to the fairness of the one hearing that was given, not the denial of an additional evidentiary hearing. That's correct. Yes, for the motion of a new trial. Counsel, if I may interject a question, please. Yes. What's the relationship on timing between his effort to get a new trial in State Court and the Valdez Declaration, which gave this new story? Well, the Valdez Declaration did not come in until he filed this petition in the California Supreme Court, and that was the first time he was able to present it to the State Court. And you're asking what was the effect of that? So the Valdez Affidavit or Declaration wasn't before the court when he moved for a new trial. That is true. That is true. He was unable to obtain the Declaration from a co-defendant. The co-defendant was being tried at the same time and was in jeopardy. So he – I think the record shows that he wasn't able to prove. Okay. Well, since that evidence didn't exist when he had his first request for a new trial, does that have any bearing on the case we asked you to comment on, Colin, I guess, as to whether a federal district court in a habeas proceeding could consider evidence like that? The evidence that was submitted, if true, and the credibility was never tested in California Supreme Court, when he filed in the Superior Court, that would be an instance in which it should be tested in the federal district court. And especially in light of the other evidence that was presented to the trial court, and if not that, then even remand would be appropriate back to the trial court  But insofar as a full and fair hearing, I think Colin does – I – Colin does require – would possibly prohibit – on his face would prohibit consideration of that, but I think the Declaration must be considered along with the other evidence. And I want to interject before I run out of time here that just so it's clear, in the event that we must satisfy 22-4-D, I urge this Court to consider the facts of this case. In Taylor v. Maddox, this Court noted that if the State court's fact-finding process is defective, the findings are an unreasonable determination of the facts. So regardless of – Doesn't Penn-Holster affect, though, our holding in Taylor? We have since said we've had a number of things to say about Penn-Holster since it came out, and we have said this looks like a sea change in our jurisprudence. So is Taylor still good law after Penn-Holster? I believe it is. Penn-Holster is distinguishable for the facts that I've mentioned, and it leaves that huge gap for a Petitioner who has proceeded diligently and was nonetheless denied a full and fair hearing in State court. And that can't possibly be – a Petitioner in that position cannot possibly be foreclosed from fitting into one of the exceptions, under the D-2 exception. Counsel, if I could ask you a question. Certainly. Are you saying under a broad reading of Cullen v. Penn-Holster, the Valdez Declaration could not be considered in the habeas case here, even if the District Court had held an evidentiary hearing and said based on observing Valdez, I find him totally credible, and had given relief that under that Cullen v. Penn-Holster, that would be improper to add to the record facts that weren't before the State court, even though they didn't exist at the time of the State court's new trial motion? Is that the reading of Penn-Holster? Yes. That you think could be taken literally with it? I think that could be the reading, and it should be the reading, because Penn-Holster does not address those situations where the Petitioner has been diligent, and he asserts that he was diligent and was not able to obtain that declaration from his co-defendant until the very last moment in the State proceedings in the California Supreme Court. And that is the type of evidence. That type of evidence was not addressed in Penn-Holster, so I don't think Penn-Holster would prevent the Federal court from holding a hearing on that. And the ---- You're down to 30 seconds. Do you want to save some for rebuttal? Sure. I also want to alert the Court to the footnote 20, which I'm sure the Court has read before, but the Penn-Holster majority opinion says, We need not decide whether a district court may ever choose to hold an evidentiary hearing before it determines 2254d has been satisfied. So that would seem to leave open the possibility to consider evidence that was not heard by the State courts that my client sought to produce and was diligent. My client ---- No one saw my client at the scene of the incidents here, and the prosecution's case was built substantially on evidence that his car was used and it was in possession of the gun.  and the prosecution's case was built on evidence that he was a suspect in a murder, and the prosecution's case was built on evidence that he was a suspect in a murder. And my client, Juarez, was the only witness to testify that Mr. Prozat admitted the crimes. Your time has expired. Okay. Thank you. Thank you. Thank you. Good morning, Your Honors. David Andrew Eldridge, Deputy Attorney General for Respondent. Judge Grulden, to clarify procedurally, the actual innocence claim with the declaration was not decided by the Superior Court in the new trial motion, to my recollection, rather. That declaration – That's my understanding. And that declaration was submitted to the California Supreme Court, so it was before the court. So there's no problem with the district court considering that declaration, is my understanding. Rather, the problem – you can't go beyond it, and also you can't have a hearing on it unless the state court – no hearing in federal court is going to make a difference in the resolution of the claim under Penholster. The question here also isn't strictly, does the district court have discretion? Rather, the district court exercised discretion and said, no, it's not having a hearing. So the claim here has to be whether the defendant has a right to a hearing, because – No, I understand. Counsel, my question in my mind is whether, in terms of what the limits of Cullen v. Penholster are, like if the district court had held a hearing and had Valdez testify and said, I'm finding that he was credible and chose to give his affidavit or declaration more weight than did the California Supreme Court, would that be impermissible under Cullen v. Penholster? It would absolutely be impermissible for the court to consider that as a basis for granting relief, because any evidence, including demeanor, including whatever was stated, that was developed in federal court is irrelevant to the 2254-D1 ruling. So your position is, for example, that if someone comes forward with exonerating DNA evidence but not available in state court, that federal courts can't consider that an actual innocence claim? Well, there are two points. One, there is no such thing as an actual innocence claim if that claim has been denied by the state court. So you don't think there's federal habeas relief for somebody who's actually innocent? Well, when you say he's actually innocent, then – I mean he's actually innocent. That's a hypothetical. Okay. He's absolutely – he's able to prove beyond a shadow of a doubt that he's actually innocent. And you're saying that that claim cannot be reviewed at all under any circumstances in federal court? Well, certainly not – That seemed to be your first point. Certainly not under 2254-D1. That cannot be a basis for relief, because the Supreme Court has not said it's a basis for relief. In fact, the last time they ruled on it directly was in Townsend v. St. itself, where they said evidence coming forward to bearing on the guilt or innocence of a prisoner is not a basis for habeas relief. So I understand your first point. You don't think there's a freestanding actual innocence claim that's cognizable. Your second point was even if there is, federal courts can't entertain new evidence that could not have been developed in state court? Under 2254-D, 2254-D is a bar on any claim that was decided on the merits by the state court. And under 2254-D, you absolutely cannot consider new evidence. So the question really would be in that situation – So what do you do with the situation? Let me – if you don't mind. What do you do with the situation when the state courts, such as in – I'm thinking back to our original case – have not allowed a hearing at all? Well, no hearing was allowed in 2254-D. In other words, I'm just saying, let's say the state courts have refused a hearing all the way along the line. And unlike this case where there was a hearing, there was a hearing on the – this case involves a hearing on the motion for new trials. There was at least one hearing. But there are some cases we have where the state courts deny an evidentiary hearing completely. Why do you think that Pinholster reaches that far to say that the federal courts can't grant an evidentiary hearing under those circumstances? Well, there are two questions.  The second question is, why do you think that the federal courts can't grant an evidentiary hearing under those circumstances? Well, the first question is because Pinholster, in and of itself, said that whatever is developed in a federal evidentiary hearing can't help. Pinholster actually cited back to – Pinholster was written by Justice Thomas. And he cited back to Schrierow, which he also wrote. And Schrierow is actually the case which states when it's appropriate to have a federal evidentiary hearing. And one of the biggest things is if it can't help, it's likely inappropriate. What Pinholster said was it can't help. So the two cases together, Schrierow and Pinholster, really establish that it's virtually never going to be appropriate. So what do you make of the footnote when it says we're not saying you can never have an evidentiary hearing? They didn't have to decide it in Pinholster because – Right. So that's an open question. Because – well, no. Because that doesn't mean they didn't decide it in Schrierow, Your Honor. Schrierow – Well, why would it remain an open question if they'd already decided it? They didn't say it was an open question. They said we need not decide it. That's not the same as saying it hasn't been decided or that the conclusion doesn't necessarily follow from a prior case considered. Why would they put that in there if it had already been decided? They would say there's no – there's no hearing. We already decided that. If it wasn't necessary for them to reach it – for example, in Pinholster, the Federal court had, in fact, had an evidentiary hearing. Right. So it made – it was unnecessary for them to pass on whether that was correct or not. But what is clear is there was no evidentiary hearing in Pinholster. There was no evidentiary hearing – state court evidentiary hearing in Pinholster. There was no state court evidentiary hearing in Richter. So any suggestion that somehow those cases can be qualified by whether there was an evidentiary hearing is false because in neither case was there a state court evidentiary hearing. So it is no qualification whatsoever to say, well, I want to make an exception because the state court didn't let me have a hearing when I wanted one. Well, it seems to me the Supreme Court's not making it easier for us to decide a case like this if they put in a footnote saying we need not decide a certain question than if you're saying they've already decided it. I'm saying that considered together. To imply that it's a question that's open for the circuit courts if they say they don't have to decide it? I have to disagree that merely saying that we're not deciding that today implies that somehow the answer may not be apparent from this case. But if they say we need not decide it, doesn't that imply that they haven't previously decided it? I don't think it does. And really the problem is you have to say counsel, I don't know a case that would that supports your proposition that when a court says we need not decide this, that it has actually already decided that question. Your Honor, it's a point of logic. There need not be a case for a point of logic. The fact is, Shrero says it's likely going to be inappropriate when it won't help. Penholster says it won't help. Taken together, that Shrero and Penholster clearly imply together a rather tight seal. You shouldn't have an evidence you're airing. It's not the first time that any court has found the answer to this comes from reading our prior cases together. So in a future case, quite frankly, I won't be the least bit surprised if they point out this answer is dictated. In Shrero, we said this. In Penholster, we said this. Read together, they lead to only one conclusion. They simply didn't have to decide that in Penholster. Right. So they didn't decide it. They did not decide it in Penholster. Yeah. And, you know, I guess the equivalent, but I have to say, whenever I've dropped it, I've never seen anyone argue that when you drop a footnote that says we need not decide, it means you've already decided it. And I understand what you're saying is it may be the next case. Maybe the logic compels it in the next case. But that's the point of all that hasn't been decided? No, my point is that Penholster standing alone didn't decide it. That's my point. I think I understand your point. I'm just saying. When I drop a footnote, just so you know, when I drop a footnote that says it's an open question, I mean, it's an open question. But, again, they did not use the words open question. What they said was they haven't decided. That's fine. Judge Gould has a question. Yes, Your Honor. Well, I'm having the same problem Judge Thomas is. So just confronting you with, like, you're reading when they say we need not decide. As I understand, you're saying that means we need not decide today in this case, blah, blah. Yes. Blah, blah, blah. But not we need not decide it. So it's an open question. No, I do not agree. I know I've written footnotes saying we need not decide a certain issue. And I'm pretty sure I've always felt, maybe wrongly, but felt that if I said that that it was flagging an open issue that the court hadn't decided. Your Honor. I mean, I understand there could be a later case where the court could take up the issue and decide it and in doing so they could make it sound like they really, that it was compelled by the reasoning of Shiro and some other cases, because that's a common judicial method. But it's hard for me to see that we wouldn't be able to reach it in light of that footnote. Well, since it's not a, since this question whether an evidentiary hearing is mandatory is not in and of itself a federal constitutional claim, this Court certainly can reach it whether or not it was an open question. And, in fact, given that the claim is, he had an absolute right to it in district court, I think this Court must reach it. And, in fact, this Court in doing so must apply whatever Supreme Court cases are relevant on the subject. My point is Shiro is relevant. It establishes one point. Penholster is relevant. It establishes another point. And my point is, taken together, those two leave no room for an argument that a defendant has a right to an evidentiary hearing. Whether or not Shiro decided it standing alone, whether or not Penholster decided it standing alone, together they lead to a mandatory conclusion by this Court. That is my point. Thank you, counsel. Thank you. Counsel, under what circumstances would a district court be justified in holding a hearing? Under a 2254d claim, Your Honor, it is hard for me to see that there would be a hearing that's authorized by 2254e. No, I mean on a claim that has been decided by the State court. Because 2254d, Penholster only applies to claims which the State court decided on the merits. So that is what I meant by a 2254d claim. If a claim was decided on the merits by a State court, it is going to be futile to have a hearing in Federal court. But if California were to decide this on procedural grounds, it was out of time, something, then a district court would be entitled to hold hearings under 2254e? Well, this Court has held that in Stokely. Right. That Penholster is coextensive with whether or not there's been a ruling on the merits by the State court. So 2254 simply doesn't establish any barrier to an evidentiary hearing. You would need to rely on 2254e and the trial court's general discretion. With the spirit of district courts. All right. Now, if you have a factual product that could not have been previously discovered, then is the district court entitled under those circumstances to hold a new hearing? Well, not if this claim was decided on the merits by the State court. Because what you're supposed to do in that instance is go back to the State court and present that evidence. But wouldn't this be Judge Thomas's DNA example? If you had DNA evidence that was not available because let's suppose the technology had moved along and you now had DNA evidence that might tend to show innocence, isn't that precisely what would come within 2254e-2? I'm sorry. Well, it may or may not come within e-2. The problem is it's barred by 2254d. I don't see how you can square that. Why would Congress provide for an evidentiary hearing if we're not supposed to have one? Why would Congress? I'm sorry. You're making the argument that, frankly, was rejected in Penholster, Your Honor. 2254 does not care about 2254e. You do not read it in a way that preserves the right for a hearing. That is exactly what Justice Sotomayor said, and the majority shut her down. So they are not to be harmonized in any way. The fact that you shouldn't have an evidentiary hearing taking new evidence generally unless you're outside of 2254d. If you're in 2254d, it's an independent barrier to relief. So if you can't pass through it, you just stop. But the DNA question, of course, under Judge Thomas's hypothetical, has not been decided by the State court. It could not have been presented to the State court. That's the factual predicate, because that's what 24e2a2i says. It's a factual predicate that could not have been previously discovered through the exercise of due diligence. So it hasn't been decided by the State. The DNA question would not have been decided by the State court. Were that the case, then you would have, very likely, the exhaustion rule which would kick in, which says take it back to State court. Exhaustion. But what you're actually asking us to do, though, is to completely repeal a section of 2254 that Congress put in there, because your argument is, if I'm following your logic, there are no evidentiary hearings in Federal court under any circumstances. That is not what I said at all. So would you answer, then, Judge Bybee's question, under what circumstances do you believe there should be an evidentiary hearing in Federal court? I don't think I heard an answer to that. When you fall outside of 2254D. If, in fact, you can show one of the exceptions that apply under 2254D, then 2254D is not a barrier to having a hearing. 2254D is restricted to claims that are decided on State courts and only if you can't show that an exception doesn't apply. Once that is gone, then there isn't a barrier. But until you surpass 2254D, you can't get relief. No matter what you want to bring to Federal court. But if you satisfy 2254D, then you're entitled to habeas and you don't need a hearing. No, that's not correct. You could have the State court make an error in how it rejected your claim and, therefore, you have an exception. That does not mean you get relief. I think this Court's actually said that before. 2254D is an independent barrier. It does not mean once you pass it, you get relief. So is our decision in Taylor v. Maddox overruled by Pinholster? Yes. And Correll v. Stewart, will you outline the parameters of an evidentiary hearing following Tamayo-Reyes, which is a Supreme Court case? Has that been overruled, too? Any case that indicates that any evidence produced in Federal court can get you relief on a claim without establishing the exceptions, the sole exceptions outlined in Richter, is overruled by the decision in Richter. And any case saying you can get relief, that Federal evidence is relevant on a 2254D claim, has been overruled by Pinholster. Yes. Your time has expired, unless there are further questions from the panel. Thank you. And you used up your time in opening. So the case, as heard, will be submitted for decision.
judges: Thomas, Gould, Bybee